UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-14392-MARRA

BEYEL BROTHERS, INC.,
Individually, and a/a/o[1] FLORIDA
POWER & LIGHT COMPANY,

    Plaintiffs,
v.

EMH, INC.,

    Defendant.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Defendant's Motion for a Certificate of Appealability Pursuant to Fed. R. Civ. P. 54(b) [DE 45]. Defendant EMH moves for an order certifying that the Court's Order (DE 44) granting Plaintiff's Motion to Strike Defendant's Counterclaim and denying Defendant's Amended Motion for Leave to File a Counterclaim, is a final judgment and that there is no just reason to delay an appeal of that order. The Court has carefully considered the motion, the Rule, the law, the entire Court file, and is otherwise fully advised in the premises. No response was filed and the time for doing so has passed.

**Factual Background**

Plaintiffs Beyel Brothers, Inc. ("BB") and Florida Power and Light Company ("FPL") (together "Plaintiffs") allege in their Amended Complaint that FPL and Defendant EMH, INC. ("EMH") entered into a contract on or about November 22, 2016,

---

[1] The Complaint states "On or about June 12, 2018 FP&L entered into an agreement (hereinafter the "FP&L Assignment") with Beyel wherein FP&L assigned its interest to any and all claims against EMH to BEYEL." Compl. ¶ 32, Ex. E.

whereby FPL agreed to pay EMH to design, manufacture and install a custom-built crane atop a structure on FPL's property.  Complaint ("Compl.") DE 23, ¶ 7.  It is further alleged that on or about November 3, 2016, BB, [as a subcontractor], "provided EMH Proposal # 8121 for the lifting and installation services for [the 65-ton] gantry crane manufactured by EMH for the use of FPL;" Compl. ¶ 8; "that on or about November 11, 2016, EMH entered into an agreement (hereinafter the "<u>EMH Agreement</u>") with [BB] for 'installation services' through a purchase order for Proposal # 8121;" Compl. ¶ 9, <u>Ex. C</u>.[2] (emphasis supplied); that pursuant to the EMH Agreement, EMH was to provide BB "with instructions on how to lift and assemble/position the gantry crane;" Compl. ¶ 10; that on February 27, 2017, installation of the crane began with BB using a mobile lifting vehicle and the necessary rigging equipment to hoist the crane to its designated position for assembly, Compl. ¶ 16; that during the lifting process, however, BB ceased lifting the crane, Compl. ¶ 22; and that the crane was not lowered to the ground but instead remained suspended in the air.  <i>Id</i>.  After approximately two hours and forty-five minutes, the rigging equipment failed, causing the crane to fall.  Compl. ¶ 25.  BB alleges it "was forced to incur expenses in an amount exceeding $1,575,000 in the performance of . . . additional work, including, but not limited to damage to [FPL's building] and to the gantry crane owned by [FPL]." Compl. ¶¶ 30-31. Plaintiffs seek damages, including but not limited to, the cost of performance of additional work, cost for remediation of damage to FPL's building, and cost for remediation of damage

---

[2] Whether Exhibit C is an enforceable "agreement" is an issue in dispute.  It is a single page document, with no signatures and no terms.

to the gantry crane, together with pre- and post-judgment interest, attorneys' fees, costs.  Compl. ¶ 36.

**Procedural Background**

1. On August 30, 2019, Plaintiffs sued EMH in state court for negligence, breach of oral and written contracts, promissory estoppel, quantum meruit, unjust enrichment, strict liability, professional negligence, contribution, equitable subrogation, common law indemnity, and contractual indemnity [DE 1-3].

2. EMH filed its Answer and Affirmative Defenses to the Complaint on October 14, 2019, and removed this matter to this Court [DE 1, DE 41].

3. A Motion for Extension of Time was granted on December 5, 2019, extending the deadline to amend the pleadings and for joinder of parties until January 13, 2020 [DE 14].

4. Three days before the deadline to amend the pleadings, Plaintiffs filed an Amended Complaint on January 10, 2020 [DE 23].  EMH timely filed its Answer and Affirmative Defenses to the Amended Complaint on January 24, 2020, and for the first time asserted a compulsory counterclaim [DE 24].

5. Plaintiffs moved to strike EMH's counterclaim because it was asserted 11 days after the January 13, 2020 deadline to amend the pleadings. [DE 25, ¶ 12].

6. EMH filed a memorandum in opposition to the motion to strike its counterclaim [DE 26] and at the same time filed a motion for leave to file a counterclaim out of time [DE 28].

7. On October 20, 2020, the Court granted Plaintiff's Motion to Strike Defendant's Counterclaim and denied Defendant's Amended Motion for Leave to File a Counterclaim [DE 44].

8. Now EMH asks the Court to find that the Order, granting the motion to strike and denying the motion to file a counterclaim out of time, is a final order pursuant to Fed. R. Civ. P. 54(b) so EMH may take an interlocutory appeal.

**Discussion**

Under 28 U.S.C. § 1291, an appeal of a district court decision is permitted only after a full and final judgment. By virtue of the instant motion, EMH acknowledges that the Court's October 20, 2020 Order, granting Beyel Brother, Inc.'s Motion to Strike Defendant's Counterclaim and denying Defendant's Amended Motion for Leave to File a Counterclaim (DE 44), is properly considered an interlocutory order and thus not subject to immediate appellate review absent some exception to the final judgment rule. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (orders granting partial summary judgment "are by their terms interlocutory"). Rule 54(b) provides one such exception.

Rule 54(b) states that when more than one "claim for relief" is presented in an action, a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims ... if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 4-5 (1980) ("*Curtiss-Wright*"); *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435-36 (1956) ("*Sears*"). "Rule 54(b) mediates between the sometimes antagonistic goals of avoiding piecemeal appeals and giving parties timely justice." *American

*Forest Resource Council v. Ashe*, 301 F.R.D. 14, 16–17 (D.D.C. 2014).  The role "of the district court under the Rule is to act as a 'dispatcher'" by exercising its "sound judicial discretion" in order to "determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears*, 351 U.S. at 435).

According to the Advisory Committee Notes, Rule 54(b) was originally adopted "in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." Fed. R. Civ. P. 54 advisory committee's note to 1946 amendment.  Following *Curtiss-Wright*, it is conceivable that a claim could be certifiable under Rule 54(b) as both separate and final and yet still not be eligible for certification by the District Court due to failure to outweigh the federal policy against piecemeal appeals.  The United States Supreme Court expects Rule 54(b) certification to be used sparingly by the District Courts.  *Curtiss-Wright*, 446 U.S. at 8, 10 (the Supreme Court has cautioned that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id*. at 8.)  In exercising this discretion, "a district court must take into account judicial administrative interests as well as the equities involved," *id*., and with the caution that cases appropriate for Rule 54(b) judgment are rare.  *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997).

Accordingly, it is appropriate for this Court to consider such factors as whether the counterclaim under review is separable from the other claims remaining to be adjudicated, and whether the nature of the claim already determined was such that

no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Curtiss-Wright*, 446 U.S. at 2. There is much law that supports the notion that if the counterclaim is not separable from the other claims, it may not be the subject of an interlocutory appeal. *See, e.g.*, *S.L.T. Warehouse Co. v. Webb*, 304 So.2d 97 (Fla. 1974) (when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at the trial level); *Mendez v. West Flagler Family Assoc, etc.*, 303 So. 2d 1, 5 (Fla. 1974) (an order dismissing a counterclaim may constitute a final appealable order if in fact by dismissal of the counterclaim a trial judge adjudicates a distinct and severable cause of action); *City of Haines v. Allen*, 509 So.2d 982, 903 (Fla. Dist. Ct. App. 1987) (finding "[i]f the counterclaim is compulsory, the disposition of it or the main claim cannot be appealed until both have been disposed of"); *Duncan v. Pullum*, 198 So.2d 658, 661 (Fla. App. 1967) ("the general rule is that a judgment, order or decree to be appealable as final must dispose of all the issues or causes in the case; but the rule is relaxed where the judgment, order or decree adjudicates a distinct and severable cause of action").

In its brief, EMH recognizes the legal requirement that only claims that are distinct and severable causes of action may be subject to Rule 54(b). All EMH says in its brief about this requirement is as follows:

> First, the striking of the counterclaim, and denial of leave to file it, effectively precludes Defendant from filing its breach of contract claim in this case. Thus, it is akin to a dismissal as it disposes of the entire counterclaim. It follows, then, that the decision constitutes a final judgment.

DE 45 at 5. The problem here is that the counterclaim sought to assert a breach of contract claim arising out of the same core set of facts that are involved in Plaintiff's

6

claims against EMH and which EMH characterizes as compulsory.  Thus, the counterclaim can not be characterized as a distinct, severable or separate cause of action.  *Sears*, 351 U.S. at 436.  EMH remains a party to the suit and the claims against it relating to the contract with Plaintiff remain pending.

Since all the claims in the Complaint are still pending, and since the claims asserted in the Complaint and the counterclaim are interconnected in that they both arise out of the breach of contract claims and the obligations of the parties thereunder, it is inappropriate to grant Defendant the relief it seeks.[3]

ORDERED AND ADJUDGED that Defendant's Motion for A Certificate of Appealability Pursuant to Fed. R. Civ. P. 54(b) [DE 45] is denied.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of December, 2020.

KENNETH A. MARRA
United States District Judge

---

[3] If EMH's position was correct, it would mean that any denial of leave to amend a pleading to assert a new cause of action, to assert a new affirmative defense or to assert a new counterclaim would provide a basis for the aggrieved party to take an appeal in order to avoid the potential for having to retry the case if the denial of leave to amend was later reversed on appeal.  Such cannot be the case.